UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Jesus Torres-Villalobos,

        Defendant.

MEMORANDUM OPINION
AND ORDER
Criminal No. 05-278 ADM/FLN

---

William H. Koch, Esq., Assistant United States Attorney, Minneapolis, MN, for and on behalf of Plaintiff.

John C. Brink, Esq., Brink & Gerdts, P.A., Minneapolis, MN, for and on behalf of Defendant.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to the Objections of Defendant Jesus Torres-Villalobos ("Defendant") [Docket No. 39] to the Report and Recommendation ("R&R") of Magistrate Judge Franklin L. Noel [Docket No. 31]. The R&R denies Defendant's Motion to Suppress Statements [Docket No. 20] and Defendant's Motion to Dismiss for Failure to State an Offense [Docket No. 22]. The factual background in this matter is set forth in the R&R and is incorporated by reference for purposes of the present Objections. For the reasons set forth below, the Objections are denied, and the R&R is adopted.

## II. DISCUSSION

In appeals of nondispositive matters, the district court must set aside any portion of the magistrate judge's ruling that is "clearly erroneous or contrary to law." See D. Minn. LR 72.2(a). In appeals of dispositive matters, the district court must make a de novo review of the ruling. See D. Minn. LR 72.2(b).

Defendant objects to the recommendation of the R&R that Defendant's Motion to Suppress Statements be denied. Judge Noel did not rule on the subject of Defendant's Motion; rather, he determined the Motion was moot because the government stated it did not intend to introduce in its case in chief the statements obtained by Agent Mark Lee. Defendant, however, wishes to preserve his objection in the event the government changes its mind and attempts to introduce this evidence. Defendant's Objection is preserved. If the government does move to introduce these statements, the Defendant will be free to object, and the Court will rule as appropriate at that time. No objection was tendered on the denial of the Motion to Suppress Defendant's statement to Agent Jessica Begres. These statements are admissible at trial.

Defendant also objects to the R&R's denial of his Motion to Dismiss for Failure to State an Offense. Defendant has been charged under 8 U.S.C. §§ 1326(a) and 1326(b)(2), which makes it a crime to enter the United States if one has been previously deported and has been convicted of an aggravated felony. In this case, the Indictment alleges Defendant was found guilty of manslaughter in the second degree under Minnesota law. Defendant argues that this crime does not fit the definition of "aggravated felony" as set forth in 8 U.S.C. § 1101(a)(43)(F). That section defines an aggravated felony as a crime of violence:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. In Minnesota, second degree manslaughter is defined as "culpable negligence whereby the person creates an unreasonable risk, and consciously takes chances of causing death or great bodily harm to another." Minn. Stat. § 609.205(1). Defendant avers that this definition

of manslaughter does not constitute a crime of violence within the dictates of 18 U.S.C. § 16. Defendant argues the government has failed to properly allege the elements of 8 U.S.C. §§ 1326(a) and 1326(b)(2).

The R&R, however, correctly concluded that commission of an aggravated felony is not an essential element of the crime with which Defendant is charged.  Rather, 8 U.S.C. § 1326(a) makes it a crime to enter the country having previously been deported, while 8 U.S.C. § 1326(b)(2) provides for a sentencing enhancement if the person has been previously convicted for the commission of an aggravated felony.  It is on this basis that the Supreme Court has held that an aggravated felony triggering the penalty need not be alleged in the indictment. Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although the Supreme Court, in United States v. Booker, held that sentencing factors that increase a defendant's sentence must be submitted to a jury or admitted by the defendant, it maintained the Apprendi exception to this requirement for the fact of prior convictions.  125 S. Ct. 738, 756 (2005).  Therefore, the R&R accurately held that a prior conviction for an aggravated felony is a sentencing factor, and not an element of the crime with which Defendant has been charged.  As a result, the R&R will be upheld, and Defendant's Objections will be denied.

## III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Judge Noel's R&R [Docket No. 31] is **ADOPTED**; and

2. Defendant's Objections [Docket No. 39] are **DENIED**; and

3. Defendant's Motion to Suppress Statements [Docket No. 20] is **DENIED**; and

4. Defendant's Motion to Dismiss for Failure to State an Offense [Docket No. 22] is **DENIED**; and

5. Defendant's Motion to Dismiss for Violation of Jeopardy Clause [Docket No. 21] is **DENIED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  November 7, 2005.